Squire Patton Boggs (US) LLP
Adam R. Fox (State Bar No. 220584)
adam.fox@squirepb.com
Joseph P. Grasser (State Bar No. 255156)
joseph.grasser@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:  +1 213 624 2500
Facsimile:   +1 213 623 4581

Attorneys for Defendant Florida Bottling, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTELLE SHANE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLORIDA BOTTLING, INC.,<br><br>Defendant. | Case No. 17-cv-2197<br><br>**CLASS ACTION**<br>**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT FLORIDA BOTTLING, INC.**<br><br>*[Declaration of Adam R. Fox, Appendix of Non-Federal and Electronic Authorities, Request for Judicial Notice filed concurrently herewith; [Proposed] Order lodged concurrently herewith]*<br><br>Date:        August 14, 2017<br>Time:        10:00 a.m.<br>Courtroom:  10 C<br>Judge:       Hon. S. James Otero |

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## NOTICE OF MOTION AND MOTION

## TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on August 14, 2017 at 10:00 a.m., or on any date thereafter at the Court's convenience, before the Honorable S. James Otero, in Courtroom 10 C of the First Street Federal Courthouse, located in 350 W. 1st Street, Los Angeles, California 90012, Defendant Florida Bottling, Inc. ("Florida Bottling") will and hereby does move the Court for an order dismissing the Complaint asserted against it in this action. Florida Bottling brings this motion pursuant to Rules 8, 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure because the Complaint fails to plead with the requisite degree of particularity a plausible and cognizable claim upon which relief can be granted. Plaintiff also fails to plead standing to pursue injunctive relief.

The Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, any reply memorandum that may be filed, and upon such oral argument and other submissions that may be presented at or before the hearing on this Motion.

This Motion is made following the conference of counsel, pursuant to Local Rule 7-3, which took place on Monday, May 8, 2017, as more fully described in the concurrently filed Declaration of Adam R. Fox. Because the parties were unable to reach agreement, Florida Bottling is constrained to file this Motion.

Dated:      May 22, 2017                    Respectfully submitted,


By: /s/ *Adam R. Fox*
_____

Adam R. Fox
adam.fox@squirepb.com
Joseph P. Grasser
joseph.grasser@squirepb.com

*Attorneys for Defendant*
Florida Bottling, Inc.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES...........................................1

I.     INTRODUCTION ...........................................................1

II.    STATEMENT OF ALLEGED FACTS............................................2

III.   GOVERNING LEGAL STANDARDS ............................................3

IV.   LEGAL ARGUMENT ........................................................5

    A.   The Court Should Dismiss Shane's UCL, FAL, and CLRA Claims ........................................................5

        1.   The Court Should Dismiss Shane's False Advertising Claims (Counts 3-7) Because They Do Not Meet Rule 9(b)'s Heightened Pleading Requirements ........................................................5

        2.   The Court Should Dismiss Shane's False Advertising Claims (Counts 3-7) Based On "Fresh Pressed" Because It Is Neither False Nor Misleading ........................................................7

        3.   The Court Should Dismiss Shane's False Advertising Claims (Counts 3-7) Based On "Cold Pressed" Because It is Neither False Or Misleading........9

        4.   The Court Should Dismiss Shane's False Advertising Claims (Counts 3-7) Because No Reasonable Consumer Would Be Misled By The Statements On Florida Bottling's Labels......................11

    B.   The Court Should Dismiss Shane's Claims For Breach Of Express And Implied Warranties (Counts 1 & 2) Because She Received Exactly What The Product Labels Represented ........................................................13

    C.   The Court Should Dismiss Shane's Restitution Claim (Count 8) Because It Is Duplicative, And There Is No Injustice Requiring That Remedy In Any Event....................16

    D.   The Court Should Dismiss Shane's Effort To Seek Injunctive Relief Because She Cannot Demonstrate The Prerequisites To Show Her Standing To Obtain It..................16

    E.   The Court Should Bar Shane's Complaint As It Relates To The Use Of "Fresh Pressed" Because Shane Was on Constructive Notice Of The Use Of That Phrase More Than Five Years Ago ........................................................17

CONCLUSION ........................................................20

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS 17-CV-2197

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Similasan Corp.*,
 No. 12cv0376-BTM-WMC, 2013 U.S. Dist. LEXIS 69369
 (S.D. Cal. May 14, 2013) ....................................................................19

*Armstrong v. Davis*,
 275 F.3d 849 (9th Cir. 2001) ...............................................................17

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ......................................................................4, 13

*Avoy v. Turtle Mountain, LLC*,
 No. 13-CV-0236-LHK, 2014 U.S. Dist. LEXIS 19241
 (N.D. Cal. Feb. 14, 2014) ...................................................................12

*B&B Hardware, Inc. v. Hargis Indus.*,
 __ U.S. __, 135 S. Ct. 1293 (2015) .................................................9, 18

*Balistreri v. Pacifica Police Dep't*,
 901 F.2d 696 (9th Cir. 1988) .................................................................3

*Bates v. United Parcel Service, Inc.*,
 511 F.3d 974 (9th Cir. 2007) ...............................................................16

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ......................................................................3, 13

*Birdsong v. Apple, Inc.*,
 590 F.3d 955 (9th Cir. 2009) ...............................................................15

*Brand v. Hyundai Motor Am.*,
 226 Cal. App. 4th 1538, 173 Cal. Rptr. 3d 454 (2014) .....................15

*County of Fresno v. Lehman*,
 229 Cal. App. 3d 340, 280 Cal. Rptr. 310 (1991) .............................19

*Cruz v. Anheuser-Busch, LLC*,
 No. CV 14-09670 AB (ASx), 2015 U.S. Dist. LEXIS 76027
 (C.D. Cal. June 3, 2015) .....................................................................14

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS. 17-CV-2197

*Hadley v. Kellogg Sales Co.*,
  No. 16-CV-04955-LHK, 2017 U.S. Dist. LEXIS 40825
  (N.D. Cal. Mar. 21, 2017) ................................................................15

*Hernandez v. Select Portfolio Servicing, Inc.*,
  No. CV 15-01896 MMM, 2015 U.S. Dist. LEXIS 82922
  (C.D. Cal. June 25, 2015) ...............................................................13

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
  304 F.3d 829 (9th Cir. 2002) ............................................. 17, 18, 19

*Jou v. Kimberly-Clark Corp.*,
  No. C-13-03075 JSC, 2013 U.S. Dist. LEXIS 173216
  (N.D. Cal. Dec. 10, 2013) ...............................................................16

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ...........................................................4

*Lam v. Gen. Mills, Inc.*,
  859 F. Supp. 2d 1097 (N.D. Cal. 2012) ..........................................15

*Magic Kitchen LLC v. Good Things Internat., Ltd.*,
  153 Cal. App. 4th 1144 (2007) ........................................................18

*Marder v. Lopez*,
  450 F.3d 445 (9th Cir. 2006) .............................................................4

*Maya v. Centex Corp.*,
  658 F.3d 1060 (9th Cir. 2011) ...........................................................3

*McKinniss v. Sunny Delight Bevs. Co.*,
  No. CV 07-02034-RGK, 2007 U.S. Dist. LEXIS 96108
  (C.D. Cal. Sep. 4, 2007) .................................................................14

*Miller v. Glenn Miller Prods..*,
  454 F.3d 975 (9th Cir. 2006) ...........................................................18

*Moenig v. Bank of Am., N.A.*,
  No. 14-CV-01399 KJM, 2015 U.S. Dist. LEXIS 60814
  (E.D. Cal. May 8, 2015) .................................................................13

*Mophie, Inc. v. Shah*,
  No. SA CV 13-01321 DMG (JEMx), 2014 U.S. Dist. LEXIS
  185203 (C.D. Cal July 24, 2014) .......................................................4

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS 17-CV-2197

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) .........................................................................3

*Papasan v. Allain*,
   478 U.S. 265 (1986) .....................................................................................3

*Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*,
   653 F.3d 241 (3d Cir. 2011) ........................................................................12

*Rahman v. Mott's LLP*,
   No. CV 13-3482 SI, 2014 U.S. Dist. LEXIS 147102
   (N.D. Cal. Oct. 14, 2014) ............................................................................17

*Ries v. Hornell Brewing Co.*,
   No. 5:10-cv-01139-JF/PSG, 2011 U.S. Dist. LEXIS 36845
   (N.D. Cal. Apr. 4, 2011) ...............................................................................6

*Rosal v. First Fed. Bank of Cal.*,
   671 F. Supp. 2d 1111 (N.D. Cal. 2009) ......................................................16

*Samet v. P&G*,
   No. 5:12-CV-01891 PSG, 2013 U.S. Dist. LEXIS 86432
   (N.D. Cal. June 18, 2013) ............................................................................16

*St. Clare v. Gilead Scis., Inc.*,
   536 F.3d 1049 (9th Cir. 2008) .......................................................................3

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) .......................................................................4

*Steckman v. Hart Brewing, Inc.*,
   143 F.3d 1293 (9th Cir. 1998) .......................................................................5

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) .........................................................................4

*Thomas v. Costco Wholesale Corp.*,
   No. 12-cv-02908-BLF, 2014 U.S. Dist. LEXIS 159475
   (N.D. Cal. Nov. 12, 2014) ............................................................................15

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales
   Practices, & Prods. Liab. Litig.*,
   754 F. Supp. 2d 1145 (C.D. Cal. 2010) .........................................................4

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS 17-CV-2197

*Trazo v. Nestlé USA, Inc.*,
   No. 5:12-CV-2272 PSG, 2013 U.S. Dist. LEXIS 113534
   (N.D. Cal. Aug. 9, 2013) .................................................................16

*Veal v. Citrus World, Inc.*,
   No. 2:12-CV-801-IPJ, 2013 U.S. Dist. LEXIS 2620
   (N.D. Ala. Jan. 8, 2013) .................................................................14

*Videtto v. Kellogg USA*,
   No. 2:08-cv-01324-MCE-DAD, 2009 U.S. Dist. LEXIS 43114
   (E.D. Cal. May 21, 2009) .................................................................11

*Viggiano v. Hansen Natural Corp.*,
   944 F. Supp. 2d 877 (C.D. Cal. 2013) ..............................12, 13, 15

*Warth v. Seldin*,
   422 U.S. 490 (1975) .........................................................................3

*Werbel v. Pepsico, Inc.*,
   No. C 09-04456 SBA, 2010 U.S. Dist. LEXIS 76289
   (N.D. Cal. July 2, 2010) .................................................................11

*Werdebaugh v. Blue Diamond Growers*,
   No. 12-CV-2724-LHK, 2014 U.S. Dist. LEXIS 71575
   (N.D. Cal. May 23, 2014) ...............................................................17

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) ..........................................................3

*Williams v. Gerber Prods. Co.*,
   552 F.3d 934 (9th Cir. 2008) ..........................................................11

*Yumul v. Smart Balance, Inc.*,
   733 F. Supp. 2d 1117 (C.D. Cal. 2010) ............................................6

*Zamanyan v. Northland Group, Inc.*,
   No. CV-12-01212 MWF, 2012 U.S. Dist. LEXIS 96960
   (C.D. Cal. July 9, 2012) .................................................................13

*Zobmondo Entm't, LLC v. Falls Media, LLC*,
   602 F.3d 1108 (9th Cir. 2010) ..........................................................9

**Statutes**

15 U.S.C. §1052(e)(1) .........................................................................8

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS 17-CV-2197

15 U.S.C. § 1065 ............................................................................................... 8

Cal. Civ. Code § 338(a) .................................................................................... 19

Cal. Civ. Code § 1783 ....................................................................................... 19

Cal. Civ. Code § 1791.2(a)(1) .......................................................................... 13

Cal. Com. Code § 2313 ................................................................................. 2, 13

Cal. Com. Code § 2314 ....................................................................................... 3

Cal. Com. Code § 2725 ..................................................................................... 19

California's Unfair Competition Law, Cal. Bus. & Prof. Code §§
    17200, *et seq.* ............................................................................. *passim*

Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ............ *passim*

False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* ............. *passim*

**Other Authorities**

21 C.F.R. § 101.95 .............................................................................................

1-4 Gilson on Trademarks § 4.02 ..................................................................... 18

Fed. R. Civ. P. 8 ................................................................................................ 13

Fed. R. Civ. P. 9 ......................................................................................... 1, 4, 5

Fed. R. Civ. P. 12(b)(1) ...................................................................................... 3

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 3

Trademark Manual of Examining Procedure ..................................................... 8

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3      This putative class action asserts eight claims arising from the alleged

4 purchase by Estelle Shane ("Shane") of certain fruit juices, which she neglects to

5 identify by place, or time, or number. Shane asserts that the juices she purchased

6 bore labels that included the phrases "fresh pressed" and "cold pressed," and that

7 she read and relied upon that language in making her purchases. Shane further

8 asserts that the juices she bought are also pasteurized, a fact she admits is disclosed

9 on the labels in boldfaced-type. Despite this disclosure, Shane contends that she

10 was misled into believing that the juices had not been pasteurized, and that she

11 would not have bought them had she known that fact.

12      These allegations fail to present a cognizable claim for several reasons.

13 Among other things, the heightened pleading standards imposed by Federal Rule of

14 Civil Procedure 9(b) apply to claims such as these, and Shane does not plead with

15 the requisite particularity several details material to the action. Shane's Complaint

16 also fails to plead facts that plausibly support her claims. Shane thus neglects to

17 confront the significance of regulations promulgated by the United States Food and

18 Drug Administration ("FDA") that contradict her interpretation of the phrase "fresh

19 pressed." She likewise fails to grapple with a judicially noticeable, federal

20 trademark that cloaks the use of that phrase with the strong presumption that it is

21 not deceptive. Shane's Complaint also reveals internal inconsistencies about her

22 understanding of the phrase "cold pressed," as well as other factual details that are

23 simply contrary to her claims.

24      Aside from these and other pleading defects more thoroughly explained

25 below, Shane lacks Article III standing for the injunctive relief she seeks, having

26 admitted that she will never buy these products again.

27      Because none of these pleading deficiencies can be corrected by amendment,

28 the Court should grant this motion, and dismiss the case with prejudice.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS. 17-CV-2197

## II. STATEMENT OF ALLEGED FACTS

According to Shane, the defendant, Florida Bottling, Inc. ("Florida Bottling"), makes and distributes juices "under the moniker Lakewood Organics." (Compl. ¶ 15). She recounts that Florida Bottling's website describes its products as "fresh pressed 100% pure organic and premium juices with no additives or artificial ingredients of any kind." (*Id.* ¶ 2). Shane also alleges that at some unidentified time, and at some undisclosed location, she purchased an unspecified number of "Lakewood's Pomegranate, Carrot, and Pineapple juices each of which claimed to be both 'cold pressed' and 'fresh pressed.'" (*Id.* ¶ 11). Shane further states that she "read the label on the Juices and relied on their [*sic*] representations in making her purchase," and "did not know that the Juice was, in fact, pasteurized." (*Id.* ¶ 11).

Despite this assertion, Shane admits that "Lakewood describes its juices as pasteurized" on its labels, and that "the majority of juices in the marketplace . . . have been pasteurized." (*Id.* ¶¶ 4 & 8). Shane even depicts the disclosure made by Florida Bottling with the picture of a label revealing, in boldfaced-type, the word "**Pasteurized**," although she complains that it appears "on the back of the label, in much smaller print, buried in the middle of a paragraph." (*Id.* ¶ 17). She contends that the juice's pasteurization—regardless of its actual disclosure—serves to render the "fresh pressed" and "cold pressed" representations "false and misleading." (*Id.*) Indeed, Shane states that "[h]ad she known the truth about the[se] representations made on the Juice labels, she would not have purchased them." (*Id.* ¶ 11).

On March 21, 2017, Shane filed an eight-count Complaint, alleging that Florida Bottling's labeling of its juices as "cold pressed" and "fresh pressed" violates the unlawful, unfair, and fraudulent prongs of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") (Counts 3-5), False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* (the "FAL") (Count 6), Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* (the "CLRA") (Count 7), and also breaches both an express warranty (Cal. Com. Code §

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS 17-CV-2197

2313) (Count 1) and the implied warranty of merchantability (Cal. Com. Code §
2314) (Count 2). (Compl. ¶ 9). Shane also contends that Florida Bottling's conduct
warrants restitution on the basis of quasi-contract/unjust enrichment. (*Id*.) (Count 8).

## III.   GOVERNING LEGAL STANDARDS

A district court should dismiss an action if it lacks jurisdiction over the
subject matter of the suit. Fed. R. Civ. P. 12(b)(1); *see, e.g., Maya v. Centex Corp.,*
658 F.3d 1060, 1067 (9th Cir. 2011). A plaintiff's standing to sue is a fundamental
aspect of both the subject matter jurisdiction of the court and the justiciability of the
controversy. *See White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000); *see also Warth
v. Seldin,* 422 U.S. 490, 517-18 (1975) ("The rules of standing . . . are threshold
determinants of the propriety of judicial intervention. It is the responsibility of the
complainant clearly to allege facts demonstrating that he is a proper party to invoke
judicial resolution of the dispute and the exercise of the court's remedial powers.").

Mere standing to proceed is, of course, no guarantee that the plaintiff will
plead a cognizable claim. A Rule 12(b)(6) motion tests the legal sufficiency of a
complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be
based on the lack of a cognizable legal theory or the absence of sufficient facts
alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901
F.2d 696, 699 (9th Cir. 1988). A legal theory is not cognizable simply because it is
alleged; mere "labels and conclusions, and a formulaic recitation of the elements of
a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
(2007). The Court may likewise disregard any "legal conclusion couched as a
factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). The Court should
not accept "allegations that are merely conclusory, unwarranted deductions of fact,
or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.,* 536 F.3d 1049, 1055
(9th Cir. 2008).

Even if a legal theory is cognizable and the factual allegations are detailed, if
such "well-pleaded facts do not permit the court to infer more than the mere

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS 17-CV-2197

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

possibility of misconduct," they still fail to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). A claim is "plausible" and therefore cognizable only if it offers more than the "possibility that a defendant has acted unlawfully" or is "'merely consistent with' a defendant's liability." *Id.* at 678 (quoting *Twombly,* 550 U.S. at 557). Only a genuinely plausible claim may survive a motion to dismiss and therefore "require the opposing party to be subjected to the expense of discovery." *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011) (quoting *Twombly*).

The Ninth Circuit has specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the UCL, FAL, and CLRA. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *see also, e.g., In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1172 (C.D. Cal. 2010) (noting that FAL, CLRA and UCL fraud claims must be pled with the particularity required by Rule 9). To withstand a pleading challenge, such claims must therefore provide "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). Reliance should also be pleaded with particularity. *See, e.g., In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1198 (C.D. Cal. 2008).

In addition to the well pleaded facts set forth in the Complaint, the Court may "consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Indeed, the Court may treat such evidence as part of the Complaint, assuming its contents are true for purposes of the motion to dismiss. *Id.*; *see also, e.g., Mophie, Inc. v. Shah*, No. SA CV 13-01321 DMG (JEMx), 2014 U.S. Dist. LEXIS 185203, at *7 n.2 (C.D. Cal July 24, 2014) (considering information on a website in a motion to dismiss because the

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS 17-CV-2197

1  complaint contained part of the website as an exhibit). Sometimes, a plaintiff can
2  plead himself or herself out of a claim by including unnecessary details contrary to
3  his claims. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.
4  1998) ("We are not required to accept as true conclusory allegations which are
5  contradicted by documents referred to in the complaint").

6  **IV.   LEGAL ARGUMENT**

7      **A.   The Court Should Dismiss Shane's UCL, FAL, and CLRA Claims**

8        For several reasons, Shane fails to state viable claims for the alleged
9  violations of the UCL, FAL, or CLRA ("false advertising claims"). In brief,
10  Shane's Complaint fails to meet the heightened pleading requirements of Rule 9(b)
11  because it lacks any details about the timing, location or frequency of her alleged
12  purchases. The Complaint independently fails to present a plausible claim. With
13  respect to the phrase "fresh pressed," Shane does not even grapple with its status as
14  an incontestable, federally-registered trademark about which the United States
15  Patent and Trademark Office ("PTO") has said it "merely describes the goods [fruit
16  juices] because applicant's fruit juices are FRESHLY squeezed or PRESSED."
17  (Request for Judicial Notice ("RJN"), Ex. A). With respect to the phrase "cold
18  pressed," Shane admits that it likewise simply describes a technique by which juice
19  is extracted from fruits, and is therefore distinct from high pressure processing that
20  subjects liquids to a non-thermal treatment alternative to the high temperatures of
21  pasteurization. Separately, Shane's claims fail because no reasonable consumer
22  would be misled to believe that Florida Bottling's juices were not pasteurized
23  because their labels say so.

24      **1.   The Court Should Dismiss Shane's False Advertising Claims**
25           **(Counts 3-7) Because They Do Not Meet Rule 9(b)'s Heightened Pleading Requirements**

26        Shane's false advertising claims fail because the Complaint does not meet
27  Rule 9(b)'s heightened pleading standard. The Complaint lacks any allegations
28  concerning when or where Shane bought Florida Bottling's products, or even how

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS 17-CV-2197

1   many such products she purchased. Shane instead simply alleges that she purchased
2   three types of Florida Bottling juice, apparently somewhere and sometime during
3   her life. (Compl. ¶ 11). Although Shane alleges her residence in Los Angeles, she
4   does not even assert that a single purchase occurred here during the undisclosed
5   period of her residency. (*Id.*). Indeed, even Shane's descriptions of the juices she
6   purchased—"Pomegranate, Carrot, and Pineapple"—are uncertain and fail to match
7   the only images of a label that appears in the Complaint. (*Compare id. ¶* 11, *with id.*
8   ¶¶ 15 & 17 (depicting "Apple" juice)).

9       Shane's omissions regarding the timing, location and frequency of her
10  alleged purchases deprive Florida Bottling of its ability to ascertain several
11  potential defenses because different labels have been used over time. Moreover,
12  defenses of laches and the statute of limitations cannot be evaluated without these
13  details. Shane's failure to fully disclose the identity of the juices she allegedly
14  purchased is also significant. For example, her one-word reference to
15  "Pomegranate" juice fails to specify any particular juice label for Florida Bottling.
16  (RJN, Ex. D http://www.lakewoodjuices.com/?page=search&query=pomegranate
17  (last visited May 22, 2017) (disclosing a dozen different types of Pomegranate
18  juices that Florida Bottling sells to consumers)).

19      In short, the Court should dismiss Shane's false advertising claims because
20  her allegations do not satisfy the heightened pleading standard applicable to them.
21  *See, e.g., Ries v. Hornell Brewing Co.*, No. 5:10-cv-01139-JF/PSG, 2011 U.S. Dist.
22  LEXIS 36845, at *10-13 (N.D. Cal. Apr. 4, 2011) (dismissing, in part, a complaint
23  lacking details of dates and prices of purchases, the identity of the products
24  purchased and the stores where purchases occurred); *Yumul v. Smart Balance, Inc.*,
25  733 F. Supp. 2d 1117, 1123-24 (C.D. Cal. 2010) (finding allegations that plaintiff
26  purchased a product repeatedly during class period are insufficient).

27
28

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS 17-CV-2197

**2.     The Court Should Dismiss Shane's False Advertising Claims (Counts 3-7) Based On "Fresh Pressed" Because It Is Neither False Nor Misleading**

Shane correctly observes that labeling a pasteurized food product as "fresh" may run afoul of FDA regulations, but only "when used on a food label in a manner that suggests or implies that the food is unprocessed." (Compl. ¶ 5); see also 21 C.F.R. § 101.95(a) ("The term 'fresh,' when used on the label or in labeling of a food *in a manner that suggests or implies that the food is unprocessed*, means that the food is in its raw state and has not been frozen or subjected to any form of thermal processing or any other form of preservation.") (emphasis added). The FDA allows the use of the term "fresh" when it does not suggest or imply that the food is unprocessed, such as when the term explicitly describes a method of processing, in contrast to characterizing the food itself. *See* 21 C.F.R. § 101.95.

Thus, the FDA offers the following explanatory examples:

> The terms 'fresh frozen' and 'frozen fresh,' when used on the label or in labeling of a food, mean that the food was quickly frozen while still fresh (i.e., the food had been recently harvested when frozen).

21 C.F.R. § 101.95(b). The use of the word "pressed" is analogous because, like "frozen," it clearly denotes a method of processing food, rather than the food itself. Just as "fresh frozen" means only that a food product was quickly frozen "while still fresh," *id.*, the phrase "fresh pressed" means only that a food product was pressed while still fresh.[1]

---

[1] The FDA's example of "fresh pasta sauce" as a misleading way to describe a product that has been pasteurized provides an excellent contrast because it mischaracterizes the actual "ingredients" rather than a method of processing them. 21 C.F.R. § 101.95. All this means is that Florida Bottling *might* have run afoul of FDA regulations if its labels had said "fresh juice," but it is more likely that such labels would still be deemed consistent with the FDA's rules given Shane's admission that "the majority of juices in the marketplace . . . have been pasteurized." (Compl. ¶ 4; *cf.* 21 C.F.R. § 101.95 (explaining that "the term 'fresh' used to describe pasteurized whole milk . . . does not imply that the food is unprocessed [because] consumers commonly understand that milk is nearly always pasteurized")). Regardless, the Court need not confront this question because the labels Shane challenges simply and accurately identify Florida Bottling's juices as having been fresh pressed, *i.e.,* pressed "while still fresh." 21 C.F.R. § 101.95(b).

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

This conclusion is also supported by the registered trademark for FRESH PRESSED®. (*See* Compl. ¶15) (disclosing the registration mark ® after the words "Fresh Pressed" in the image of a Florida Bottling juice label).[2] Notably, federal law bars the registration of trademarks that are deceptively misdescriptive of the goods or services to which they are applied. 15 U.S.C. §1052(e)(1). As the Trademark Manual of Examining Procedure ("TMEP") explains, "[t]he examining attorney must consider the mark in relation to the applicant's goods or services to determine whether a mark is deceptively misdescriptive." TMEP, § 1209.04. This requires two steps. "The examining attorney must first determine whether a term is misdescriptive as applied to the goods or services. A term that conveys an immediate idea of an ingredient, quality, characteristic, function, or feature of the goods or services with which it is used is merely descriptive." *Id*. "If a term immediately conveys such an idea but the idea is false, although plausible, then the term is deceptively misdescriptive and is unregistrable." *Id*.

There are, in fact, two separate FRESH PRESSED® registrations that cover the challenged labels—an earlier registration on the supplemental register and a later registration on the principal register. In reviewing the first application for FRESH PRESSED®, the PTO expressly addressed the "descriptiveness" issue, explaining that the phrase "merely describes the goods [fruit juice] because applicant's fruit juices are FRESHLY squeezed or PRESSED." RJN, Ex. A [1/13/2011 OFFICE ACTION]. Although the Examiner did not deny registrability of the mark on this basis, she did find that the mark was not sufficiently distinctive for registration on the principal register at that time precisely because it was so accurately descriptive.[3] *Id*. In short, because the PTO found that the mark was both

---

[2] Florida Bottling is the exclusive licensee of this federal trademark for that phrase owned by a family trust. RJN, Ex. B.

[3] In examining a later-filed application, the PTO acknowledged that although the FRESH PRESSED® mark remained descriptive, it had also achieved "secondary meaning" apparently due to its extensive use, among other things, and therefore issued a registration on the principal register. RJN, Ex. B. Five years having passed since that time, the registration is now incontestable. 15 U.S.C. § 1065.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

descriptive and registrable, the PTO necessarily found that FRESH PRESSED® was not a deceptive mark.

"[F]ederal registration provides 'prima facie evidence' of the mark's validity and entitles [those with trademark rights] to a 'strong presumption' that the mark is a protectable mark." *Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010); *see also B&B Hardware, Inc. v. Hargis Indus.*, __ U.S. __, 135 S. Ct. 1293, 1300 (2015) (explaining that a federal registration "is 'prima facie evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate.'"). The strong presumption that the mark FRESH PRESSED® is not deceptive and protectable renders Shane's collateral attack a failure. Both the PTO and the FDA recognize that using the words "fresh pressed," as Florida Bottling does on its labels, means only that its fruits were pressed while still fresh. The Court should reject Shane's technical argument otherwise.[4]

### 3. The Court Should Dismiss Shane's False Advertising Claims (Counts 3-7) Based On "Cold Pressed" Because It is Neither False Or Misleading

Shane alleges two definitions of "cold pressed" that inherently conflict. First, she contends that the phrase denotes "a non-thermal processing method that uses high pressure to kill harmful bacteria rather than heat, thereby maintaining most of the juice's nutrients and living enzymes, which otherwise get destroyed by heat." (Compl. ¶ 6). Later, Shane clarifies that the phrase instead "usually refers to the manner by which fruits or vegetables are squeezed or pressed in a machine to extract the juice from them," without reference to any use of pressure to achieve sterilization. (*Id.* ¶ 23). In this second explanation, Shane goes on to identify a

---

[4] Having anchored her claims regarding the meaning of "fresh" to its alleged "specific meaning in both law and logic," the source of which she identifies as the FDA, (Compl. ¶¶ 4-5), Shane cannot resort to any alternative theory that would support denial of the motion.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS 17-CV-2197

distinct processing method for the extracted liquid (rather than the raw fruit) that she calls "High Pressure Processing ('HPP')," or pascalization,[5] that is designed for this purpose. (*Id.* ¶¶ 23 & 24). This second method is also sometimes referred to as "Cold Pressure Technology," and it can only occur after juice extraction has first occurred. (*See id.* ¶ 23) (noting that only "[o]nce the fruits and veggies are pressed, their contents are bottled and **then** subjected to Cold Pressure Technology.") (emphasis added). Pascalization "subjects liquids to pressures" that are so high the "'process leads to the elimination of harmful bacteria'" as a "non-thermal alternative to pasteurization." (*Id.* ¶¶ 24 & 25).

The second definition provided by Shane cites several different sources to support its accuracy over the first. (Compl. ¶¶ 23-27). Indeed, the prefatory line of one of her sources, which was published by an organization known as the Cold Pressure Council, reveals a stark difference between the terms "cold pressure" and "cold pressed": "'Cold Pressure' always refers to the non-thermal technique also known as HPP. 'Cold Pressed' usually refers to the technique by which fruits or vegetables are squeezed or pressed in a machine to extract the juice from them." (RJN, Ex. C (last visited May 19, 2017) http://www.coldpressure.org/en/what-is-cold-pressure). Fruits must be pressed (or chopped and spun) to extract their juice before further processing the extracted liquid to address its microbial safety, whether by pasteurization, pascalization, irradiation or some other technique.

Shane's identification of these distinct steps reveals her understanding of the difference between the process of juice extraction and its subsequent sterilization, betraying knowledge on the part of Shane that effectively pleads her out of a claim. She cannot credibly contend that she was misled into believing that goods labeled as "cold pressed" were unpasteurized when the usually recognized meaning of that phrase denotes only the extraction of juice, not any subsequent method of treatment

---

[5] Just as the method of heating foods to sterilize them is called pasteurization in honor of Louis Pasteur, the technique of employing high pressure to achieve the same result is called pascalization to credit Blaise Pascal.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS 17-CV-2197

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1   to achieve sterilization. (Compl. ¶ 23). Thus, Shane fails to state a claim that "cold

2   pressed" is deceptive or misleading because she neglects to allege facts that reveal

3   the juice as not having been extracted from fruit by pressing, as the phrase "cold

4   pressed" on the labels indicates. (*See id.*).

5      **4.** **The Court Should Dismiss Shane's False Advertising Claims

6       (Counts 3-7) Because No Reasonable Consumer Would Be Misled By The Statements On Florida Bottling's Labels**

7      Deceptive labeling targeted by false advertising claims should be evaluated

8   by examining whether the allegedly deceptive representations are likely to deceive

9   a "reasonable consumer." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th

10   Cir. 2008) (citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)). The

11   Court accordingly can and should consider the viability of Shane's claims against

12   this standard based on its review of the accused product packaging.[6] *See, e.g.,*

13   *Werbel v. Pepsico, Inc.,* No. C 09-04456 SBA, 2010 U.S. Dist. LEXIS 76289, at

14   *8-*12 (N.D. Cal. July 2, 2010). "[W]here a court can conclude as a matter of law

15   that members of the public are not likely to be deceived by the product packaging,

16   dismissal is appropriate." *Id.*; *see also, e.g., Videtto v. Kellogg USA*, No. 2:08-cv-

17   01324-MCE-DAD, 2009 U.S. Dist. LEXIS 43114, at *7-*8 (E.D. Cal. May 21,

18   2009) (dismissing false advertising claims based on allegations that consumers

19   were misled to believe that "Froot Loops" cereal contain "real, nutritious fruit").

20      In this case, Shane admits that Florida Bottling's labels explicitly reveal that

21   its juice is pasteurized. (Compl. ¶¶ 8, 17). Indeed, that word is even boldfaced on

22   the label for anyone who looks at it. (*Id.* ¶ 17). No reasonable consumer who "read

23   the label" as Shane contends she did (*Id.* ¶ 11), would be misled into believing that

24   Florida Bottling's juices are not pasteurized ***because the label says that they are***.

25   (*Id.* ¶ 17). This conclusion is all the more warranted in this case because the

26

27   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
[6] Although Shane has failed to include—or even meaningfully identify—the actual labels of any of the products she allegedly purchased, the Court may consider the exemplars provided in the Complaint for purposes of resolving this motion. (*See*

28   Compl. ¶¶ 15 & 17).

allegedly deceptive phrases, "fresh pressed" and "cold pressed," do not even imply a lack of pasteurization. As explained above, "fresh pressed" means only that the juice was extracted while the fruit was still fresh. Similarly, "cold pressed" means only that the process of extraction was non-thermal. Neither phrase says or implies a thing about any subsequent treatment, which is in any event disclosed on the label in a single, unambiguous word: "**Pasteurized**." (Compl. ¶ 17).

Against this background, Shane's false advertising claims should fail as a matter of law, just as similar claims have done. *See, e.g., Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, 653 F.3d 241, 246 & 252-53 (3d Cir. 2011) (affirming defense verdict finding the phrase "Havana Club" not literally false or misleading as a product of Cuba "in the context of the entire accused advertisement," noting among other things, a disclosure made on "[t]he back of the bottle . . . in clearly legible type" revealing the product as "distilled and crafted in Puerto Rico"); *Avoy v. Turtle Mountain, LLC*, No. 13-CV-0236-LHK, 2014 U.S. Dist. LEXIS 19241, at *17 (N.D. Cal. Feb. 14, 2014) (noting that labels that explicitly used the word "sugar" fatally undermined the plaintiff's claim that she was misled into thinking there was no sugar added); *see also, Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 892 n.38 (C.D. Cal. 2013) ("In cases where a product's front of label is accurate and consistent with the statement of ingredients, courts routinely hold that no reasonable consumer could be misled by the label, because a review of the statement of ingredients makes the composition of the [product] clear").

Additionally, inherent contradictions in Shane's pleading undermine the viability of her claims by further removing her from the realm of any reasonable consumer. Shane alleges that she reasonably believed **both** that the juices she purchased were "fresh" in a manner "that suggests or implies that the food is **unprocessed**," and "cold pressed" by a "**processing method** that uses high pressure to kill bacteria." (Compl. ¶¶ 5 & 6) (emphases added). No reasonable consumer can believe that the juices at issue were simultaneously both processed and

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS 17-CV-2197

unprocessed, as Shane contends. This self-contradictory nature of Shane's alleged interpretations prevent her from stating a plausible, viable claim, and therefore warrant the requested dismissal. *See*, *e.g.*, *Hernandez v. Select Portfolio Servicing, Inc.*, No. CV 15-01896 MMM (AJWx), 2015 U.S. Dist. LEXIS 82922, *24 (C.D. Cal. June 25, 2015) ("Contradictory allegations such as these are inherently implausible, and fail to comply with Rule 8, *Twombly*, and *Iqbal*."); *Moenig v. Bank of Am., N.A.*, No. 14-CV-01399 KJM, 2015 U.S. Dist. LEXIS 60814, at *11 (E.D. Cal. May 8, 2015) ("These contradictory factual allegations do not meet Rule 8's requirement of a 'short and plain statement.'"). *Zamanyan v. Northland Group, Inc.*, No. CV-12-01212 MWF (JEMx), 2012 U.S. Dist. LEXIS 96960, *2-5 (C.D. Cal. July 9, 2012) (dismissing complaint with inconsistent factual allegations).

### B.   The Court Should Dismiss Shane's Claims For Breach Of Express And Implied Warranties (Counts 1 & 2) Because She Received Exactly What The Product Labels Represented

To prevail on a claim for breach of an express warranty, a plaintiff must plausibly allege (and eventually prove) the following: (1) the seller made a promise or affirmed some fact by providing a description of its goods; (2) the promise or fact described formed part of the basis of the bargain; (3) this express warranty was breached; and (4) the breach caused injury to the plaintiff. *Viggiano*, 944 F. Supp. 2d at 893; *see also* Cal. Com. Code § 2313(1)(b); Cal. Civ. Code § 1791.2(a)(1). Shane alleges that the express warranty in this case was the representation that Florida Bottling's juices were both "fresh pressed" and "cold pressed." (Compl. ¶ 53). She further contends that these descriptions of the juices also conveyed a promise that they were not "thermally processed." (Compl. ¶ 16).

As explained above, the phrases "fresh pressed" and "cold pressed" have plain meanings about methods of juice extraction that are wholly separate from any subsequent processing for microbial and chemical food safety. This understanding is reinforced by the FDA, the PTO and organizations like the Cold Pressure Counsel that Shane elected to cite and rely on in her Complaint. They uniformly

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- 13 -

1    recognize the pressing of fruit to extract juice is just one stage in the process that
2    gets juice into bottles and onto grocery store shelves. The challenged phrases do not
3    promise juice free from pasteurization following extraction, any more than they
4    promise juice free from bottling, vacuum-sealing, warehousing or shipping.

5           Moreover, the labels clearly state that the juices were, in fact, "**Pasteurized**."
6    (Compl. ¶ 17). In these circumstances, Shane's claim for breach of an express
7    warranty should be dismissed. *See, e.g., Veal v. Citrus World, Inc.*, No. 2:12-CV-
8    801-IPJ, 2013 U.S. Dist. LEXIS 2620, at *31-*35 (N.D. Ala. Jan. 8, 2013)
9    (dismissing a claim for breach of express warranty arising from the purchase of
10   juice represented as "pure" on the label, and allegedly thought by the plaintiff to be
11   "fresh squeezed," because the label also disclosed that the juice was "pasteurized");
12   *see also, e.g., Cruz v. Anheuser-Busch, LLC*, No. CV 14-09670 AB (ASx), 2015
13   U.S. Dist. LEXIS 76027, at *29-*30 (C.D. Cal. June 3, 2015) (dismissing express
14   warranty claim arising from the term "light" on beverage labels that the plaintiff
15   alleged to promise low calories because accurate nutrient disclosures appeared
16   elsewhere on the labels), *aff'd,* No. 15-56021, 2017 U.S. App. LEXIS 4673 (9th Cir.
17   Mar. 16, 2017); *McKinniss v. Sunny Delight Bevs. Co.*, No. CV 07-02034-RGK
18   (JCx), 2007 U.S. Dist. LEXIS 96108, at * 15-*17 (C.D. Cal. Sep. 4, 2007)
19   (dismissing express warranty claim against fruit juice company that sold beverages
20   with labels depicting certain fruits because the labels made no guarantee about the
21   precise content of each fruit's juice, and all of them were also listed as ingredients).

22          Shane's claim for breach of the implied warranty of merchantability is
23   premised upon the same "representations that the Juices were fresh pressed or cold
24   pressed" that form the basis of her express warranty claim. (Compl. ¶ 59). Indeed,
25   she frames her implied warranty claim as one that arises directly from Florida
26   Bottling having "impliedly warranted that the Juices it sold conformed to these
27   promises or affimations [*sic*] when they did not." (*Id.* ¶ 58). "When an implied
28   warranty of merchantability cause of action is based solely on whether the product

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS 17-CV-2197

in dispute '[c]onforms to the promises or affirmations of fact' on the packaging of the product, the implied warranty of merchantability claim rises and falls with express warranty claims brought for the same product." *Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2017 U.S. Dist. LEXIS 40825, at *61 (N.D. Cal. Mar. 21, 2017) (quoting *Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917, 933 (N.D. Cal. 2014)). Thus, for the same reasons that this Court should dismiss Shane's express warranty claim, it should also dismiss her claim for breach of the implied warranty of merchantability. *Id.*

This conclusion is separately reinforced by the recognition that the implied warranty of merchantability in California is reserved for those situations in which it may act as a "bulwark against fundamental defects." *Brand v. Hyundai Motor Am.*, 226 Cal. App. 4th 1538, 1545, 173 Cal. Rptr. 3d 454 (2014). Shane does not allege that Florida Bottling's juice "lacks even the most basic degree of fitness for ordinary use." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009). She likewise does not allege that it is unsafe for consumption. *Lam v. Gen. Mills, Inc.*, 859 F. Supp. 2d 1097, 1106 (N.D. Cal. 2012). Shane similarly does not contend that the juice was "contaminated or contained foreign objects." *Viggiano*, 944 F. Supp. 2d at 896.

Instead, Shane merely asserts that Florida Bottling's juices are mislabeled. As shown above, that is not the case, but even if it were, mislabeling simply does not state a claim for breach of the implied warranty of merchantability. *Thomas v. Costco Wholesale Corp.*, No. 12-cv-02908-BLF, 2014 U.S. Dist. LEXIS 159475, at *8 (N.D. Cal. Nov. 12, 2014) (dismissing that claim, explaining that "[m]islabeling of a product is not the sort of 'fundamental defect' that the implied warranty of merchantability is designed to protect against," and that even allegations that a product is "illegal and unsellable" are insufficient to plead a violation of the implied warranty of merchantability). The Court should accordingly dismiss this claim.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

**C.** **The Court Should Dismiss Shane's Restitution Claim (Count 8) Because It Is Duplicative, And There Is No Injustice Requiring That Remedy In Any Event**

In her eighth claim, Shane seeks restitution based on a "quasi-contractual claim in order to avoid unjustly conferring a benefit upon a defendant where there is no valid contract." *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1133 (N.D. Cal. 2009). Although she advances this claim as though it were distinct, it arises from the identical allegations of "false and misleading packaging" recited in Shane's other claims. (Compl. ¶ 94). "Given that [her] quasi-contract theory rests on the same allegations already covered by [her] other claims, which also provide for restitution as a remedy, the claim is 'merely duplicative of statutory or tort claims' and must be dismissed." *Trazo v. Nestlé USA, Inc.*, No. 5:12-CV-2272 PSG, 2013 U.S. Dist. LEXIS 113534, at *34 (N.D. Cal. Aug. 9, 2013) (footnotes omitted); *see also Samet v. P&G,* No. 5:12-CV-01891 PSG, 2013 U.S. Dist. LEXIS 86432, at *37 (N.D. Cal. June 18, 2013) ("The complaint alleges no facts not already covered by the UCL, FAL, and CLRA claims, which already provide for restitution as a remedy. As courts have dismissed unjust enrichment claims 'that are merely duplicative of statutory or tort claims,' the claims here also must be dismissed."). In any event, Shane identifies no injustice, for reasons already discussed above, and the claim should therefore be dismissed.

**D.** **The Court Should Dismiss Shane's Effort To Seek Injunctive Relief Because She Cannot Demonstrate The Prerequisites To Show Her Standing To Obtain It**

To obtain injunctive relief, Shane must "demonstrate that [s]he has suffered or is threatened with a concrete and particularized legal harm *coupled with a sufficient likelihood that* [*s*]*he will again be wronged in a similar way*." *Jou v. Kimberly-Clark Corp.*, No. C-13-03075 JSC, 2013 U.S. Dist. LEXIS 173216, at *10-*11 (N.D. Cal. Dec. 10, 2013) (internal quotation marks omitted & emphasis added). In other words, Shane must establish a "real and immediate threat of *repeated injury*." *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir.

2007) (emphasis added). "At the motion to dismiss stage . . . pleading an intent to purchase the challenged product [or service] in the future [is] **necessary** to confer standing for injunctive relief." *Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 U.S. Dist. LEXIS 147102, at *19 n.4 (N.D. Cal. Oct. 14, 2014) (emphasis added).

Although she purports to seek injunctive relief, Shane's Complaint contains no allegations that she intends to purchase Florida Bottling's products in the future, as the law requires. On the contrary, Shane's allegations conflict with any notion that she is "realistically threatened by a *repetition* of [the violation]" of which she now complains. *Armstrong v. Davis*, 275 F.3d 849, 861 (9th Cir. 2001) (quoting *Lyons*, 461 U.S. at 109) (alterations in original). In this regard, Shane proclaims that "[h]ad she known the truth about the representations made on the Juice labels, she would not have purchased them." (Compl. ¶ 11). Now in possession of the information that she contends she was lacking before, "there is no likelihood of future injury" to Shane that is redressable through injunctive relief, and she accordingly lacks standing to pursue it. *Werdebaugh v. Blue Diamond Growers*, No. 12-CV-2724-LHK, 2014 U.S. Dist. LEXIS 71575, at *33 (N.D. Cal. May 23, 2014).

### E. The Court Should Bar Shane's Complaint As It Relates To The Use Of "Fresh Pressed" Because Shane Was on Constructive Notice Of The Use Of That Phrase More Than Five Years Ago

Shane's claims relating to the use of the phrase "fresh pressed" are also independently barred by the doctrine of laches. "Laches is an equitable time limitation on a party's right to bring suit, . . . resting on the maxim that 'one who seeks the help of a court of equity must not sleep on his [or her] rights.'" *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002). The party asserting laches must show both that the plaintiff's delay in filing suit was unreasonable, and that the defendant would suffer prejudice caused by the delay if the suit were to continue. *Id* at 838. A determination of whether a party exercised unreasonable delay in filing suit consists of two steps. *Id.* First, the Court assesses

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1    the length of delay, "which is measured from the time the plaintiff knew or should

2    have known about its potential cause of action." *Id.*   Second, the Court must

3    "decide whether the plaintiff's delay was unreasonable." *Id.*

4        The length of time that the plaintiff "knew or should have known" for

5    purposes of the laches defense may be based on either actual or constructive notice.

6    *Miller v. Glenn Miller Prods.*, 454 F.3d 975, 980-981 (9th Cir. 2006). In this

7    regard, the federal trademark FRESH PRESSED®, as used in connection with

8    "fruit juices," was registered on the principal register by the PTO on February 07,

9    2012, based on actual use in commerce dating back to 1991. RJN, Ex. B. These

10   facts demonstrate that Shane—indeed, the entire American public—was on

11   constructive notice no fewer than five (and perhaps more than twenty-five) years

12   ago. As the Supreme Court has recently explained, "[r]egistration is significant. The

13   Lanham Act confers 'important legal rights and benefits' on trademark owners who

14   register their marks." *B&B Hardware, Inc. v. Hargis Indus.*, __ U.S. __, 135 S. Ct.

15   1293, 1300 (2015) (citations omitted). Those benefits include the fact that a federal

16   registration serves as "'constructive notice of the registrant's claim of ownership' of

17   the mark." *Id.* (quoting 15 U. S. C. §1072).[7]

18       The laches defense applies where the plaintiff has had notice for a period of

19   time that extends beyond the applicable statute of limitations. *See, e.g., Magic*

20   *Kitchen LLC v. Good Things Internat., Ltd.*, 153 Cal. App. 4th 1144, 1157 (2007).

21   The claims for relief asserted by Shane have statutes of limitations ranging from

22   three to four years. *See* Cal. Bus. & Prof. § 17208 (four-year statute of limitations

---

[7]  Although "[s]ome federal courts have held that constructive notice from registration of a mark cannot be used to support a laches defense . . . others find that it does begin the laches period." 1-4 Gilson on Trademarks § 4.02 (Matther Bender 2017) (citations omitted). Importantly, "[t]hose courts refusing to find that constructive notice begins the period for laches reason . . . that the notice of use given in a registration is not the same as the notice of infringement that should start the laches period running." *Id.* Finding laches in this case is supported even when one employs that rationale because the triggering event analogous to infringement is the actual use of the phrase "fresh pressed" on Florida Bottling's juice labels, which commenced two decades before the PTO even registered that mark.

applies to UCL claims); Cal. Civ. Code § 1783 (setting a three-year statute of limitations for actions under the CLRA); Cal. Com. Code § 2725 (providing a four year statute of limitations for breach of warranty claims); Cal. Civ. Code § 338(a) (providing a default three-year statute of limitations for statutory actions created by statute); *Allen v. Similasan Corp.*, No. 12cv0376-BTM-WMC, 2013 U.S. Dist. LEXIS 69369, at *18 (S.D. Cal. May 14, 2013) (holding that the statute of limitations for unjust enrichment is three years under § 338); *County of Fresno v. Lehman*, 229 Cal. App. 3d 340, 346, 280 Cal. Rptr. 310 (1991) (applying the three-year statute in § 338 to an FAL claim). The defense should therefore bar her claims.

In addition to these observations, Florida Bottling would undeniably suffer prejudice as a result of this delay if Shane's challenge to its otherwise incontestable, FRESH PRESSED® mark—used in commerce for more than twenty-five years—were allowed to proceed. *See Jarrow Formulas, Inc.*, 304 F.3d at 838. Florida Bottling has literally spent decades investing in its FRESH PRESSED® branding, and the brand has even earned a place for that mark on the PTO's principal register, owing to the secondary meaning it has developed. To lose that customer identification with the brand as well as the time and resources Florida Bottling has expended to build it up would unquestionably prejudice the company. Accordingly, the Court should dismiss all claims arising from the use of the phrase "fresh pressed" on Florida Bottling's fruit juice. *See id.*

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## CONCLUSION

Shane purports to bring eight claims against Florida Bottling. As set forth above, each of them fails. Accordingly, Florida Bottling respectfully requests the Court grant its Motion to Dismiss.

Dated:          May 22, 2017                    Respectfully submitted,


By:/s/ ***Adam R. Fox***

Adam R. Fox
adam.fox@squirepb.com
Joseph P. Grasser
joseph.grasser@squirepb.com

*Attorneys for Defendant*
Florida Bottling Inc.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071