Squire Patton Boggs (US) LLP
Adam R. Fox
adam.fox@squirepb.com
Joseph P. Grasser
joseph.grasser@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: +1 213 624 2500
Facsimile: +1 213 623 4581

Attorneys for Defendant
FLORIDA BOTTLING INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTELLE SHANE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLORIDA BOTTLING, INC.,<br><br>Defendant. | Case No. 17-cv-2197<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>*[Notice of Motion and Motion to Dismiss, Appendix of Non-Federal and Electronic Authorities, and Declaration of Adam R. Fox filed concurrently herewith; [Proposed] Order lodged concurrently herewith]*<br><br>Date: August 14, 2017<br>Time: 10:00 a.m.<br>Courtroom: 10 C<br>Judge: Hon. S. James Otero |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Evidence 201, Defendant Florida Bottling, Inc. ("Florida Bottling") respectfully requests that the Court take judicial notice of the following documents in support of its Motion to Dismiss.

1. Attached as Exhibit A is a true and correct copy of the January 13, 2011 Office Action from the United States Patent and Trademark Office ("PTO"), which was issued in connection with the prosecution of Trademark Application No. 85/145756, which resulted in Trademark Registration No. 3,946,543.

2. Attached as Exhibit B hereto are true and correct copies of the registration certificates for Trademark Registration Nos. 3,946,543 and 4,095,814.

3. Attached as Exhibit C hereto is a true and correct copy of the website found at the following address, as of May 19, 2017: http://www.coldpressure.org/en/what-is-cold-pressure

4. Attached as Exhibit D hereto is a true and correct copy of the website found at the following address, as of May 22, 2017: http://www.lakewoodjuices.com/?page=search&query=pomegranate

# POINTS AND AUTHORITIES IN SUPPORT OF
# REQUEST FOR JUDICIAL NOTICE

It is well established that, in addition to the well pleaded facts set forth in the Complaint, the Court may "consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Indeed, the Court may treat such evidence as part of the Complaint, assuming its contents are true for purposes of the motion to dismiss. *Id.*; *see also, e.g., Mophie, Inc. v. Shah*, No. SA CV 13-01321 DMG (JEMx), 2014 U.S. Dist. LEXIS 185203, at *7 n.2 (C.D. Cal July 24, 2014) (considering information on a website in a motion to dismiss because the complaint contained part of the website as an exhibit).

A court may also take judicial notice of "records and reports of administrative bodies." *Balance Studio, Inc. v. Cybernet Entm't, LLC*, 2016 U.S. Dist. LEXIS 51806, fn.2 (N.D. Cal. Apr. 18, 2016) (quoting *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986)); *see also Anderson v. Holder*, 673 F.3d 1089, 1094 n. 2 (9th Cir. 2012) (recognizing the propriety of judicial notice of records and reports of administrative bodies such as a U.S. Citizenship and Immigration Services Interpretation).

The documents which are Exhibits A through D hereto fall squarely within this rule. Judicial notice of Exhibits A and B is proper because they are part of the records maintained by the United States Patent and Trademark Office ("PTO"). Records of the PTO, a U.S. administrative body, are undisputed matters of public record and the authenticity of such documents cannot reasonably be questioned. *See Metro Pub., Ltd. v. San Jose Mercury News*, 987 F.2d 637, 640-41 (9th Cir. 1993) (reversing denial of a motion for preliminary injunction and remanding for

1  reconsideration in light of trademark registrations for which the plaintiff sought
2  judicial notice); *see also, e.g., Oroamerica Inc. v. D&W Jewelry Co., Inc*., 10 Fed.
3  Appx. 516, 517 n.4 (9th Cir. 2001) (taking judicial notice of PTO registration
4  certificates, patent file history, and patent application materials). The Court can
5  likewise take judicial notice of Exhibits C and D because they are cited in
6  Plaintiff's Complaint. Compl. ¶¶ 2, 23. *See Mophie, Inc*., 2014 U.S. Dist. LEXIS
7  185203, at *7.

## CONCLUSION

For the foregoing reasons, Florida Bottling respectfully requests the Court to take judicial notice of Exhibits A through D hereto.

Dated:     May 22, 2017                    Respectfully submitted,

By: /s/ *Adam R. Fox*

Adam R. Fox
adam.fox@squirepb.com
Joseph P. Grasser
joseph.grasser@squirepb.com

*Attorneys for Defendant*
Florida Bottling Company

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- 4 -

REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF MOTION TO DISMISS
17-CV-2197