*Submitting counsel on signature pages*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTELLE SHANE, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FLORIDA BOTTLING, INC.,<br><br>　　　　　　Defendant. | Case No. 17-cv-2197<br>**JOINT RULE 26 REPORT**<br>Date:　　　August 14, 2017<br>Time:　　　10:00 a.m.<br>Courtroom:　10 C<br>Judge:　　　Hon. S. James Otero |

Plaintiff Estelle Shane ("Shane") and Defendant Florida Bottling, Inc. (individually "Florida Bottling," and collectively with Shane "the Parties") hereby submit the following Joint Rule 26(f) Report.

## I.     RULE 26(F) CONFERENCE

On June 5, 2017, the Parties' counsel conducted their Rule 26 Conference in person in Los Angeles at the offices of counsel for Florida Bottling. Attending the conference for Shane was Stephen Gardner. Attending for Florida Bottling was Adam Fox. During the collegial and productive meeting, counsel discussed the matters set forth in Rule 26, the Local Rules and this Court's Standing Order for Civil Cases. The following report reflects the Parties' agreements and proposals to this Court on those subjects.

## II.    RULE 26(F) REQUIREMENTS

### A.     Nature and Basis of Claims and Defenses

1.   **Shane's Statement:**

Lakewood markets its line of Organic Juices ("Juices") to consumers by touting their healthfulness—specifically by prominently labeling the Juices as "cold pressed" and "fresh pressed." Lakewood places these claims on the front of each "Lakewood Organic" Juice—regardless of the flavor. Yet elsewhere on the Juices, hidden on the back label in tiny mouse-print, Lakewood contradicts the front labels' "cold pressed" and "fresh pressed" claims by disclosing that these Juices are



actually heat processed (pasteurized). Complaint at ¶¶ 3-8.

Plaintiff trusted the bold print on the Juices' front labels. It is well-established that reasonable consumers should be able to trust front-of-package representations, and are not "expected to look beyond misleading representations on the front of the box" to discover the truth from small print found elsewhere on a product. *Williams v. Gerber*, 552 F.3d 934, 939 (9th Cir. 2008); *Balser v. Hain Celestial Group, Inc.*, 640 Fed. Appx. 694 (9th Cir. 2016).

Plaintiff alleges that Lakewood's conduct violates the unlawful, unfair, and fraudulent prongs of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. (the "UCL"), violates the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, et seq. (the "FAL"), violates the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq. (the "CLRA"). Plaintiff also alleges in the alternative that Lakewood's conduct is grounds for restitution on the basis of quasi-contract/unjust enrichment.

2.   **Florida Bottling's Statement:**

Florida Bottling is a family owned and operated juice company that has made premium juice products since the company was founded in 1935. Shane characterizes Florida Bottling's labels as false advertising because they identify the juices as "Cold Pressed" and "Fresh Pressed®," the latter phrase having been long used in commerce by Florida Bottling and for which it is the licensee of a federally registered trademark. Shane contends that she was misled into believing the juices were not pasteurized because of these two statements although she admittedly read the labels, which also state in bold that the juices are "**Pasteurized**."

Shane insists that the term "Fresh Pressed" means that juice has not undergone any type of preservation. At the same time, Shane also purports to understand that the term "Cold Pressed" means that juice has undergone pascalization in a procedure sometimes called High Pressure Processing ("HPP"), or undergoing what some call "Cold Pressure" technology.

Shane's claims fail because Florida Bottling, unlike some other juice companies, extracts juice from fruit by *pressing* the fruit when that fruit is still fresh, and thus provides consumers with a product that is not from concentrate. When so pressed, the fruit is not exposed to high levels of heat, and its juice is later sterilized through pasteurization, and vacuum-sealed in bottles to retain its condition free from pathogens. In short, the statements characterized as false by Shane are, in fact, both

literally true and not misleading to reasonable consumers. Indeed, Florida Bottling's juices are shelf stable products most often sold on unrefrigerated shelves alongside other pasteurized juices and juice products. Moreover, no reasonable consumer could believe (as Shane claims she does) that Florida Bottling's juice is both unprocessed (her understanding of "Fresh Pressed®") and simultaneously processed with HPP (her purported understanding of "Cold Pressed"), as Shane's Complaint alleges.

### B.    Discovery Plan / Initial Disclosures / Discovery Cutoff

The Parties exchanged initial disclosures on June 26, 2017.

Discovery in this case will focus on the merits of Plaintiff's claims, Defendant's marketing and the propriety of this action proceeding as a class action. Most of this discovery will be completed before a motion for class certification is filed, although the Parties may continue additional fact and eventually expert discovery after the filing of a motion for class certification and its resolution by the Court according to the following schedule.

Although the Court has indicated that it will set the deadline for filing the class certification motion approximately 90 days following the Rule 26 Conference, the Parties propose a cut-off date for fact discovery of **March 5, 2018** so that they may conduct discovery focused on the merits for several months beyond resolution of the class certification question. The Parties will serve discovery and conduct depositions cognizant of the Court's Standing Order requirement that these actions take place with sufficient time (approximately six weeks) prior to the discovery cut-off to allow any discovery motions to be filed prior to the cut-off date. The Parties propose a cut-off date of **June 4, 2018** for expert discovery.

### C.    Privilege and Protection Issues

The Parties are conferring regarding a Stipulated Protective Order to govern the handling of all confidential and proprietary information contained in the documents anticipated to be at issue in this case. The Stipulated Protective Order will

also address the Parties' ability to assert claims of privilege or protection after production. The Parties anticipate they will soon arrive at a mutually agreeable Stipulated Protective Order.

### D. Estimated Length of Trial and Proposed Dates for the Final Pretrial Conference and for Trial

The Parties propose **October 1, 2018** as the date for a jury trial. The Parties estimate that trial will last five (5) days. The Parties propose **September 24, 2018** as the date for the Final Pretrial Conference.

### E. Last Day to Amend the Pleadings or Add New Parties

The Parties propose September 14, 2017.

### F. Other Issues Affecting the Status or Management of the Case

The Parties are unaware of any other issues affecting this matter. The Parties agree that the Federal Rules of Civil Procedure limit discovery and that both sides reserve the right to petition the Court for relief should good cause exist.

## III. STANDING ORDER REPORT REQUIREMENTS

### A. A statement of the specific basis of federal jurisdiction, including supplemental jurisdiction

Shane asserts subject matter jurisdiction under Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and Florida Bottling does not contest it.

### B. A cut-off date for the completion of discovery and the hearing of motions, a final pretrial conference date, and a trial date

The Parties propose the following deadlines for this matter:

| Event | Date |
|---|---|
| Fact Discovery Cut-Off Date | March 5, 2018 |
| Deadline for Plaintiffs to Serve Expert Reports | April 4, 2018 |
| Deadline for Defendants to Serve Expert Reports | May 4, 2018 |
| Expert Discovery Cut-Off | June 4, 2018 |

JOINT RULE 26 REPORT 17-CV-2197

| Last Day To Hear Motions | July 23, 2018 |
|---|---|
| Final Pretrial Conference | September 24, 2018 |
| Trial Date | October 1, 2018 |

**C.    Whether discovery should be conducted in phases or otherwise ordered or limited**

As noted above, the Parties will initially focus on discovery related to class certification, although merits discovery will occur as part of this process. Following the deadline to bring a class certification motion, which this Court will set, the Parties anticipate additional fact and expert discovery will be needed and have proposed the March 5, 2018 and June 4, 2018 dates to divide the remaining discovery between fact and expert. This is the only division contemplated.

**D.    An estimate of the length of trial**

The Parties anticipate that trial will last five (5) days.

**E.    The name(s) of the attorney(s) who will try the case, including those who will be lead trial counsel**

    1.    For Plaintiff, trial counsel will be Stephen Gardner (lead) and Michael Braun

    2.    For Defendant, trial counsel will be Adam Fox (lead) and Joseph Grasser.

**F.    Efforts made to settle or resolve the case to date, and the Parties' plans for maximizing settlement prospects**

No efforts at settlement have been undertaken as of the time of filing this Joint Report.

**G.    Whether the case is complex or requires a reference to the procedures set forth in the Manual on Complex Litigation**

The Parties agree that this case does not require a reference to the Manual on Complex Litigation.

**H.    The likelihood of the appearance of additional parties**

The Parties do not anticipate the appearance of any additional parties.

**I.    Dispositive or partially dispositive motions the parties are likely to file**

There is a pending motion to dismiss before the Court. In addition, the Parties anticipate filing summary judgment motions.

The Parties do not consider a motion for class certification dispositive, but to the extent that the Court has a different understanding, the Parties anticipate there will be motions filed related to class certification.

**J.    Any unusual legal issues presented by the case, including any unusual substantive, procedural or evidentiary issues**

The Parties are presently unaware of any unusual issues in this case.

**K.    Proposals regarding severance, bifurcation or other ordering of proof**

The Parties do not presently have any proposals on these issues.

**L.    A discussion of the present state of discovery, including a summary of completed discovery**

Florida Bottling served Shane with initial discovery immediately following the Rule 26 Conference that occurred on June 6, 2017. Shane anticipates serving initial discovery shortly. The Parties also agree that the Parties may serve discovery requests and responses by email.

**IV.    ADDITIONAL MATTERS NOTED IN LOCAL RULE 26-1**

**A.    *ADR.* Selection of one of the three ADR Procedures specified in L.R. 16-15.4 and when the ADR session should occur**

**Plaintiff's position:** Plaintiff agrees with Defendant's proposal that the Parties engage in private mediation.

**Defendant's position:** Florida Bottling proposes that the Parties engage in private mediation shortly before the close of fact discovery in March 2018.

**B.**   ***Expert Witnesses.* The proposed timing of disclosures under F.R.Civ.P. 26(a)(2).**

*See* proposed schedule contained in Section III.B, above.

[*Signature Page Follows*]

JOINT RULE 26 REPORT 17-CV-2197

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:        July 17, 2017                    Respectfully submitted,

By:    /s/ *Adam R. Fox*
Adam R. Fox
adam.fox@squirepb.com
Joseph P. Grasser
joseph.grasser@squirepb.com

*Attorneys for Defendant*
Florida Bottling, Inc.

Dated:        July 17, 2017                    Respectfully submitted,


By:   /s/ Stephen Gardner
Michael D. Braun
Braun Law Group, P.C.
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA  90067
Telephone:  (310) 836-6000
Facsimile:    (310) 836-6010
Email:  service@braunlawgroup.com

Stephen Gardner
Amanda Howell
Stanley Law Group
6116 N. Central Expressway, Suite 1500
Dallas, TX  75206
Telephone:  (214) 443-4300
Facsimile:    (214) 443-0358
Email:  steve@consumerhelper.com
            ahowell@stanleylawgroup.com

Matthew J. Zevin
Stanley Law Group
225 Broadway, Suite 1350
San Diego, CA  92101
Telephone:  (619) 235-5306
Facsimile:    (815) 377-8419
Email:  mzevin@aol.com

Janet Lindner Spielberg
12400 Wilshire Blvd., Suite #400
Los Angeles, CA  90025
Telephone:  (310) 392-8801
Facsimile:    (310) 278-5938
Email:  jlspielberg@jlslp.com

Attorneys for Plaintiff
ESTELLE SHANE