# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2197-SJO (AGRx) | Date | October 31, 2017 |
|---|---|---|---|
| Title | Estelle Shane v. Florida Bottling, Inc. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   In Chambers: RE DEFENDANT'S MOTION COMPEL FURTHER RESPONSES TO INTERROGATORY NOS. 19-20

   On September 27, 2017, the court conducted a hearing on Defendant's motion to compel further responses to discovery requests and set a briefing schedule as to Defendant's Interrogatory Nos. 19 and 20. (Dkt. No. 49.) On October 6, 2017, Plaintiff filed a brief in support of her objections. (Dkt. No. 50.) On October 13, 2017, Defendant filed an opposition. (Dkt. No. 51.) On October 20, 2017, Plaintiff filed a reply. (Dkt. No. 53.) The matter is appropriate for adjudication without further oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

   As narrowed by the court in the Order dated September 27, 2017, Interrogatory No. 19 asks Plaintiff to identify any prior demand letter "alleging false or misleading advertising or that cited or relied upon the interpretation of any regulations of the United States Food and Drug Administration in which you have been involved." Interrogatory No. 20 asks Plaintiff to identify any demand letter "in which you have previously worked with any of your present counsel in this case."

   "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "District courts have broad discretion in determining relevancy for discovery purposes."[1] *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

   Defendant argues that these interrogatories seek information about the putative class

---

[1] The court does not find waiver of the objections discussed in this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2197-SJO (AGRx) | Date | October 31, 2017 |
|---|---|---|---|
| Title | Estelle Shane v. Florida Bottling, Inc. | | |

representative's experience as a litigant that is relevant to typicality and adequacy as a class representative. *See Hanon v. DataProducts Corp.*, 976 F.2d 497, 508-09 (9th Cir. 1992); *Nghiem v. Dick's Sporting Goods, Inc.*, 318 F.R.D. 375, 381-82 (S.D. Cal. 2016) (considering, under typicality and adequacy, class representative's opt-in/opt-out experience in multiple text message campaigns and whether class representative was simply looking for violations). Plaintiff responds that at least some courts have rejected the argument that a "serial plaintiff" is automatically atypical of the class. *See Bruno v. Quten Research Inst. LLC*, 280 F.R.D. 524, 534 (C.D. Cal. 2011). The issue before this court is not whether Plaintiff is or is not typical or adequate, but rather whether the requested discovery is relevant to resolution of those issues. *See Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1056-57 (9th Cir. 2009) (acknowledging that while being a professional plaintiff does not by itself undermine the ability to seek redress for injury, status may be relevant to question of whether plaintiff suffered harm that was "self-imposed and purposefully undertaken").

Even as previously narrowed by the court, the interrogatories remain overbroad given the limited scope of relevance. In the Updated Joint Status Report filed on October 16, 2017, Shane described her false advertising and other claims as being based on Defendant's labeling of its juice products. (Dkt. No. 52 at 3-4.) Accordingly, the court narrows the interrogatories to request information regarding similar claims as set forth below.

The court rejects Plaintiff's objection based on a reasonable expectation of privacy. Plaintiff filed this litigation and is subject to discovery within the scope of Fed. R. Civ. P. 26(b)(1). The requested discovery seeks identification of documents sent to third parties on her behalf. Plaintiff makes no showing that the documents are subject to Fed. R. Evid. 408, which is in any event a rule of admissibility and not of discovery. Rule 408 provides that "conduct or a statement made during compromise negotiations about the claim" is inadmissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." By the same token, "[t]he court may admit this evidence for another purpose, such as proving a witness's bias or prejudice." Fed. R. Evid. 408(b); *see also Rhoades v. Avon Prods.*, 504 F.3d 1151, 1161 (9th Cir. 2007) ("statements made in settlement negotiations are only excludable under the circumstances protected by the rule").     Given that Rule 408 contemplates a statement during settlement negotiations may become admissible, Congress chose to promote settlement "'through limits on the *admissiblity* of settlement material rather than limits on their *discoverability*.'" *Vondersaar v. Starbucks Corp.*, 2013 U.S. Dist. LEXIS 65842, *7 (N.D. Cal. May 8, 2013) (italics in original; citation omitted). Plaintiff's citation to the litigation privilege in Cal. Civ. Code § 47 is inapposite. Defendant does not argue that Plaintiff can be held liable for any demand letter.

IT IS ORDERED that Defendant's motion to compel further responses to Interrogatory Nos. 19 and 20 is GRANTED IN PART. Plaintiff shall respond, within 21 days after the date of this order, to the following:

Interrogatory No. 19: Identify any prior demand letter alleging false or misleading advertising

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2197-SJO (AGRx) | Date | October 31, 2017 |
|---|---|---|---|
| Title | Estelle Shane v. Florida Bottling, Inc. | | |

based on product labeling.

Interrogatory No. 20: Identify any demand letter claiming false or misleading advertising sent on your behalf to any third party by your counsel (defined as your counsel in this case).

Initials of Preparer   mp